[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11901

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESSIE DETRAGLIA STONE,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00006-ECM-KFP-1

_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jessie Stone appeals his conviction for being a felon in possession of a firearm, the District Court's forfeiture order, and the 240-month sentence imposed following his guilty plea to drug and firearm offenses. Stone argues that the felon-in-possession statute is unconstitutional as applied to him, that the District Court erred in calculating his Sentencing Guidelines range, and that the forfeiture order lacked sufficient evidentiary support. We affirm.

## I.

A federal grand jury indicted Stone for conspiring to distribute controlled substances, possessing controlled substances with intent to distribute, using communication facility in furtherance of a drug offense, engaging in interstate travel to aid unlawful activity, and being a felon in possession of a firearm. The indictment also included a forfeiture allegation covering, among other items, a 1964 Chevrolet Impala, a Rolex watch, and a gold pendant marked "J."

Stone pleaded guilty without a plea agreement and objected to the forfeiture allegations. As to the forfeiture, the Government presented evidence that Stone purchased the contested assets during periods when he was engaged in drug trafficking and lacked legitimate income. Stone countered that the items were purchased with lawful funds, including proceeds from his freight company and gambling winnings. The Court, finding a sufficient nexus to

the drug offenses, granted the Government's forfeiture request as to the 1964 Chevy Impala, the Rolex two-tone watch, and the "J" pendant. But the District Court denied the forfeiture request for a different gold pendant and a gold band.

For sentencing, the presentence investigation report (PSI) calculated an offense level of 41, which included enhancements for possessing a firearm in connection with drug activity, importing methamphetamine, and maintaining a drug premises. Stone's criminal history category was III, yielding a Guidelines range of 360 months to life. The District Court ultimately sustained some of Stone's objections to the PSI and recalculated his offense level to 39, reducing the Guidelines range to 324–405 months. The Court granted a downward variance and imposed a 240-month total sentence, expressly stating that it would have imposed the same sentence regardless of the outcome of the Guidelines objections. Stone timely appeals.

## II.

### A.  Constitutionality of 18 U.S.C. § 922(g)(1)

Stone first argues that 18 U.S.C. § 922(g)(1), which bars firearm possession by felons, is unconstitutional as applied to him under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), and *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024). He contends that his prior nonviolent felonies do not justify lifetime disarmament under the historical traditions recognized in those cases.

Stone's argument, however, is foreclosed by circuit precedent. In *United States v. Dubois*, we rejected the same challenge and upheld § 922(g)(1)'s constitutionality even after *Bruen* and *Rahimi*. *United States v. Dubois*, 2025 WL 1553843 at *2–5 (11th Cir. June 2, 2025). We remain bound by *Dubois* "unless and until [its] holding is overruled by the Court sitting en banc or by the Supreme Court." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

## B.   Sentencing Guidelines Calculation

Stone next challenges two Guidelines enhancements: the two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and the two-level increase under § 2D1.1(b)(5) for importation of methamphetamine. Because the District Court expressly stated on the record that it would have imposed the same sentence irrespective of the disputed sentencing enhancements, we assume error and review for substantive reasonableness under the lower guideline range. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006).

Here, absent the two challenged enhancements, Stone's offense level would have been 35, yielding a Guidelines range of 210–262 months. The District Court imposed a 240-month sentence—squarely within that adjusted range—and supported its decision by reference to the § 3553(a) factors, including the gravity of Stone's drug trafficking activities and their impact on the community. That sentence, well below the statutory maximum of life imprisonment, is substantively reasonable. *See United States v. Grushko*, 50 F.4th 1, 20 (11th Cir. 2022).

### C. Drug Premises Enhancement

Stone argues for the first time on appeal that the District Court erred by applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for drug distribution, asserting that the storage unit in question was not under his exclusive control and that its use for drug activity was incidental.

We review unpreserved sentencing objections for plain error. *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019). "An error is plain if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue and establishes that an error has occurred." *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024) (internal quotation marks and citation omitted).

Here, the PSI, which the District Court adopted, found that Stone possessed a key to the storage unit, had been observed entering it, and used it to store drugs and related paraphernalia. Neither Supreme Court nor Eleventh Circuit precedent establishes that applying § 2D1.1(b)(12) under such circumstances is erroneous. Therefore, even assuming error, it was not plain, and we affirm.

### D. Forfeiture Order

Stone also challenges the District Court's forfeiture order, arguing that the Government failed to prove a sufficient nexus between his drug offenses and the forfeited Chevrolet Impala, Rolex, and pendant. We review the District Court's factual findings

converning forfeiture for clear error. *United States v. Duboc*, 694 F.3d 1223, 1226 n.2 (11th Cir. 2012) (citation omitted).

Under 21 U.S.C. § 853(a)(1), any person convicted of certain drug offenses must forfeit any property derived from the violation. The District Court must determine what property is subject to forfeiture, and, if the Government seeks forfeiture of specific property, must determine whether the Government has established the requisite nexus between the property and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1); *Duboc*, 694 F.3d at 1226–27. There is a rebuttable presumption that a defendant's property is subject to forfeiture if the Government establishes by a preponderance of the evidence that (1) the defendant acquired it during the time of the criminal activity, and (2) there was no other likely source for the property. 21 U.S.C. § 853(d).

Here, the Government presented evidence that Stone had no reported lawful income after 2017, was involved in substantial drug transactions in 2021, and purchased the contested assets during that same period. Moreover, Stone admitted that his gambling winnings—which he claimed were used to buy the Rolex—were potentially derived from drug proceeds. On this record, the District Court's forfeiture findings rested on a permissible view of the evidence and do not amount to clear error. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (citation omitted).

**AFFIRMED.**